BOBBS–MERRILL CO. v. SNELLENBURG et al.

(Circuit Court, E. D. Pennsylvania. August 1, 1904.)

No. 29.

1. COPYRIGHTS—RETAIL PRICE—CONTROL—NOTICE.

    Where publishers of a copyrighted book printed on the page immediately following the title page of each copy, underneath the notice of copyright, a notice that the price of the book at retail was $1 net, and that no dealer was licensed to sell it at a less price, and that such a sale would be treated as an infringement of the copyright, such notice did not entitle the publishers to control the retail price of the book, so as to render a sale of the book at a reduced price an infringement of their copyright.

In Equity.

Samuel Dickson, for complainant.

Ira J. Williams and Alexander Simpson, Jr., for respondents.

HOLLAND, District Judge. The Bobbs-Merrill Company is the publisher of a book or novel known as "The Castaway," which was written by Hallie Erminie Rives, from whom it was purchased, together with a copyright for the same. The defendants purchased a large quantity of these books from a third party, without any notice of the fact that the plaintiffs were attempting to limit the retail price thereof, at the time they purchased them, other than the notice contained in the book upon the page immediately following the title page. There was no contract or agreement made by the defendants with the plaintiffs or any other parties as to the sale of the copies owned by defendants. That upon the page immediately following the title page of each copy of this book appear the following words:

---

Copyright 1904

The Bobbs-Merrill Company

---

May

The price of this book at retail is One Dollar net. No dealer is licensed to sell it at a less price, and a sale at a less price will be treated as an infringement of the copyright.          The Bobbs-Merrill Company.

---

The defendants have been selling this book at 98 cents per copy, and this bill is for a preliminary injunction to restrain them from selling any copies of the novel at retail at a less price than $1 net, and for an accounting for the profits accruing to the plaintiffs by reason of these unlawful sales.

It is contended on the part of the plaintiffs that a sale by the defendants of a copy of this novel at a less price than $1, under the circumstances, is an infringement of their copyright, and that they are entitled to a restraining order, and an accounting for such violation. After a very careful consideration of this question and the cases reported wherein the law applicable thereto has been considered, we fail to find any decision covering all the features of this case. The closest case to the one at bar is Harrison v. Maynard, Merrill & Co., 61 Fed. 689, 10 C. C. A. 17, which was decided in 1894 by the Circuit Court of Appeals for the Southern District of New York by Circuit Judge Shipman; and, while that case may not be controlling in this district, yet the deliberate judgment of a Circuit Court of another district should be regarded as decisive of the question involved until otherwise determined by the Supreme Court. In that case Maynard & Co., the owners of a copyright of a book, had sent a number of unbound volumes to one Alexander, a bookbinder in the city of New York, for the purpose of having them bound for sale. While in the latter's store, a destructive fire occurred in the bindery, as a result of which these unbound volumes were partially damaged. They were sold to one Fitzgerald, who after-

ward sold them to be utilized as paper stock only, and not to be placed on the market as anything else. Harrison, a dealer in secondhand books, obtained possession of some of these unbound damaged volumes, bound them, and placed them upon the market for sale, without any knowledge of the agreement made by his vendor not to sell the same as newly bound books. A bill was filed against Harrison to restrain him from disposing of the same in violation of Maynard's right under the copyright statutes of the United States. It was contended there that the owner of a copyright was entitled to an order to restrain the sale of a copyrighted book, the title to which he had transferred, but which was being sold in violation of an agreement entered into between himself and his vendee; but it was held that the owner of a copyright, who has transferred the title to copyrighted books under an agreement restricting their use, cannot restrain, by virtue of the copyright statutes, sales of said books in violation of the agreement. He was confined to his remedy for the breach of contract.

In an elaborate opinion by Judge Hammond in the case of Publishing Company v. Smythe (C. C.) 27 Fed. 914, it was decided that, so long as the owner of a copyright retains the title to the copies of the book which he has the exclusive right to vend by virtue of the copyright, he can impose restrictions upon the manner in which and upon the person to whom the copies can be sold. Having the exclusive right to vend, he has the right to appoint to whom the book shall be sold. If his agents, to whom he has intrusted the possession of his books, violate his instructions, and fraudulently sell to a person with knowledge or notice of the fraud, or to one who, under all the circumstances, should have made inquiry as to his vendor's rights to sell, such fraud will be an infringement of the copyright, with which the original owner has never parted, and can be restrained by virtue of the statutes of the United States. This right to enjoy the benefits of the copyright statutes results from the fact that the owner has never parted with the title to the book or the copyright, although he parted with the possession of the book. But the right to restrain the sale of a particular copy of the book by virtue of the copyright statute has gone when the owner of the copyright and of that particular copy has parted with all his title to it, and has conferred an absolute title to the copy upon the purchaser, although with an agreement for a restricted use. The exclusive right to vend the particular copy no longer remains in the owner of the copyright by the copyright statutes. Harrison v. Maynard & Co., supra.

It will be noted, however, that in the case of Harrison v. Maynard, supra, there was no notice printed in each copy of the book, such as is found on the page immediately following the title page to the book in this suit. Though the result of all the decisions in cases of this kind is to the effect that, when the owner of a copyright transfers title to a copyrighted book, although under an agreement restricting its use, or price at which it can be sold at retail, and the book is sold in violation of this agreement, his only remedy is for breach of contract and cannot be restrained by virtue of the copyright statutes, yet the question in this case arises as to whether this notice inserted by the plaintiffs in this case in the book in question amounts to the retention by them of such an

ownership in the copies transferred as would entitle them to protection under the copyright law. If it does not, it would not protect them under the copyright law, even if the defendants had notice of this agreement that the book should not be sold for less than a dollar, as the plaintiffs in that case would be required to seek their remedy at law, either for a breach of contract, or such other remedy as the circumstances might warrant. Purchasers of the book are informed by the notice that the price of this book at retail is $1 net, and no dealer is licensed to sell it for a less price, and a sale at a less price will be treated as an infringement of the copyright.

It is evident that the object of the plaintiffs is to control the retail price of this book in their vending of the same by their vendees and subsequent purchasers by means of the copyright statutes of the United States, by the notice therein contained, but it can amount to no more, at most, than a notice to all who may come into possession of a copy or copies that the plaintiffs are attempting to control the price in the retail trade. The copyright statutes cannot be invoked to control the retail trade of books the title to which the copyright owner has transferred. Where would such a right end? If purchasers of these books can be regarded as violators of the law in case any of them should sell at less than $1, it is putting a construction on the right of a copyright owner to have the "sole liberty * * * of vending" so broad that, so long as the copyright continues, this plaintiff holds control as to price and mode of selling books over every volume owned and held throughout this whole United States, by men, women, and children, as well as those now held by defendants and other retail dealers; and the owner of a volume, however anxious he might be to sell, as a result, perchance, of necessity, could not dispose of his secondhand copy for less than $1 without placing himself in the humiliating attitude of being a violator of the law. When the plaintiffs transfer their title to a copy of this book, either to a reader, subscriber, or a retailer, they have exercised their "sole liberty * * * of vending" that particular copy, and have determined as to the price, the mode of sale, and to whom it shall be sold. This is the only right the exercise of which is protected by the copyright law, and, if they desire to further control the matter of sale in retail in the possession of their vendees, it is a matter of agreement with them and their vendees, and the fact that a notice in the book that a sale for less than $1 shall be regarded as an infringement of the copyright law cannot make it such an infringement. It is simply a violation of the contract with their vendee, and they must look to their remedy upon their contract.

Petition for preliminary injunction refused.